IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RYAN W. CHURCH, ) | |
| No. R22421, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-cv-01362-NJR |
| ) | |
| ILLINOIS DEPT. OF CORRECTIONS, ) | |
| JOHNSON, ) | |
| VIPIN SHAH, and ) | |
| SALVADOR GODINEZ, ) | |
| ) | |
| Defendants. ) | |

# **MEMORANDUM AND ORDER**

**ROSENSTENGEL, District Judge:**

Plaintiff Ryan W. Church, an inmate in Western Illinois Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on an alleged failure to correctly diagnose and treat his $HIV^+$ status while he was incarcerated at Pinckneyville Correctional Center, which is within this judicial district.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) Screening.– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for Dismissal.– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. And at this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint, in August 2012, while Plaintiff was at the Peoria County Jail, he was diagnosed by Dr. Church as being $HIV^+$. When he was subsequently transferred to Stateville Correctional Center, Dr. Mahone prescribed a special diet designed to ward off a progression of the disease. When Plaintiff arrived at Pinckneyville Correctional Center and sought treatment and continuation of the special diet, however, additional blood tests were run, despite previous test results and Plaintiff's $HIV^+$ status being recorded in his medical records.

In September 2012, Plaintiff was experiencing "symptoms." He was called to the Health Care Unit and seen (via video) by Defendant Johnson, who is described as a psychiatrist. Dr. Johnson reported that the most recent HIV test results were inconclusive. Plaintiff later discussed his test results with Defendant Dr. Shah and requested treatment—which would at least be prophylactic. Dr. Shah refused to offer any treatment and denied that Plaintiff was $HIV^+$. Regardless of his HIV status, Plaintiff notes that Dr. Johnson and Dr. Shah refused to

treat his decreased T-cell count. Johnson and Shah's actions are characterized as being deliberate.

The complaint also contains an assertion that Defendant Godinez, Director of the Illinois Department of Corrections, failed to provide Plaintiff with a second opinion, proximately causing "complications within the condition" (Doc. 1, p. 9). Documentation attached to the compliant reflects that Director Godinez concurred in the denial of two administrative grievances regarding Plaintiff's health care (*see* Doc. 1, pp. 11-12). According to that documentation, Plaintiff never tested positive for HIV, although Dr. Church indicated that Plaintiff could be re-tested in six months if he continued high-risk behavior (*see* Doc. 1, p. 12).

Plaintiff contends that the failure to acknowledge and treat his $HIV^+$ status has left him "afraid and vulnerable." He also confusingly links the lack of a proper diagnosis and treatment to an inability to wear "the hairstyles that other people want," an inability to "sleep when he wants," and an inability to "eat food like other people," without suffering "grief or loss" (*see* Doc. 1, p. 8).

Plaintiff prays for declaratory and injunctive relief (in the form of proper diagnosis and treatment), as well as punitive and compensatory damages.

Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into the following overarching count.

> **Count 1: Defendants were deliberately indifferent to Plaintiff's serious medical needs, in violation of the Eighth Amendment.**

### Discussion

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. U.S. CONST., amend. VIII. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). Eighth Amendment protection extends to

conditions of confinement that pose a substantial risk of serious harm, including health and safety. *See Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012). Prison officials can violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010).

As a general matter, the complaint sufficiently pleads Eighth Amendment claims regarding the failure to properly diagnose and/or treat Plaintiff for either $HIV^+$ status or a decreased T-cell count. At this early stage, the Court need not delve deeper into the factual circumstances and whether Plaintiff actually faced a serious health risk. However, that does not end the Court's analysis.

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Dr. Johnson and Dr. Shah clearly were personally involved in diagnosis and treatment decisions. Although a mere disagreement regarding the proper course of treatment usually does not give rise to a deliberate indifference claim (*see Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006)), questions of fact abound regarding Plaintiff's test results. Therefore the claims against Johnson and Shah shall proceed.

Relative to Director Godinez, the *respondeat superior* doctrine—supervisory liability—does not apply to actions filed under 42 U.S.C. § 1983. *See,* e.g., *Kinslow v. Pullara*, 538 F.3d

687, 692 (7th Cir. 2008). The complaint contains an assertion that Godinez denied Plaintiff a second opinion, and the documentation attached to the complaint indicates that Godinez believed that Plaintiff had never tested positive for HIV. Top level administrators, like Godinez, may delegate issues of medical care to others and defer to their specialized knowledge. *See generally Burks v. Raemisch*, 55 F.3d 592, 595 (7th Cir. 2009). Depending upon the circumstances, however, the refusal to secure a second opinion or expert opinion can violate the Eighth Amendment. *See Pyles v. Fahim*, 771 F.3d 403, 411-12 (7th Cir. 2014). Again, due to questions of fact, the claim against Director Godinez, shall be permitted to proceed.

Director Godinez shall also remain in the case in his official capacity relative to Plaintiff's prayer for injunctive relief (which may or may not be moot, now that Plaintiff has been moved from Pinckneyville Correctional Center).[1]

But the Illinois Department of Corrections must be dismissed as a defendant. The Eleventh Amendment bars suits against an un-consenting state—including its agencies and officers in their official capacities—for monetary damages. *See Edelman v. Jordan*, 415 U.S. 651, 662-663 (1974); *Indiana Protection and Advocacy Services v. Indiana Family and Social Services Administration*, 603 F.3d 365, 370 (7th Cir. 2010). Furthermore, there are no allegations regarding any unconstitutional policy or practice of the Department, or any other basis for liability. The Illinois Department of Corrections, therefore, shall be dismissed with prejudice.

---

[1] The warden of the institution where an inmate is housed usually is the proper defendant, in his or her official capacity, for ensuring that any injunctive relief is carried out. *See generally Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011); *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). Under these circumstances, however, Defendant Director Godinez shall fill that role, at least for the time being.

**Disposition**

**IT IS HEREBY ORDERED** that, for the reasons stated, the **ILLINOIS DEPARTMENT OF CORRECTIONS** is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that **COUNT 1**, the Eighth Amendment medical care claim, shall otherwise **PROCEED** against Defendants **JOHNSON, VIPIN SHAH, and SALVADORE GODINEZ** (in his individual *and* official capacities).

The Clerk of Court shall prepare for Defendants **JOHNSON, VIPIN SHAH, and SALVADORE GODINEZ**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.

If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.

Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Donald G. Wilkerson** for further pre-trial proceedings, including consideration of Plaintiff's motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 31, 2014**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**